UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMY HARKINS,

                Plaintiff,

    v.

CITIZENS BANK,

                Defendant.

**DECISION AND ORDER**

6:23-CV-06601 EAW

---

## INTRODUCTION

*Pro se* plaintiff Amy Harkins ("Plaintiff") filed this action on October 18, 2023, asserting a claim of slander against defendant Citizens Bank, N.A. ("Defendant").[1] (Dkt. 1). Plaintiff submitted a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and an affirmation of poverty in support thereof (Dkt. 2) ("IFP motion"), but thereafter paid the filing fee on January 5, 2024, thus rendering the IFP motion moot.

Currently before the Court is Defendant's motion to dismiss the complaint. (Dkt. 6). Plaintiff filed a motion to amend the complaint (Dkt. 8) and then appeared to withdraw that motion (Dkt. 13 at 6).[2] Plaintiff filed response papers in opposition to the motion to dismiss. (Dkt. 10; *see also* Dkt. 11; Dkt. 13). For the reasons that follow, the Court grants Defendant's motion to dismiss.

---

[1] Defendant states that it was incorrectly named as Citizens Bank, and that its proper name is Citizens Bank, N.A. (Dkt. 6-1 at 1). The Clerk of Court is directed to update the caption accordingly.

[2] Defendant filed response papers in opposition to the motion to amend the complaint. (Dkt. 12).

## BACKGROUND

The following facts are taken from Plaintiff's complaint. (Dkt. 1). As required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

On October 5, 2018, Defendant told Lifespan and Plaintiff's case manager that Plaintiff was intellectually disabled and could not handle her finances. (*Id.* at 4). On May 22, 2019, Defendant sent a letter admitting that it told the Office of the Comptroller of the Currency (the "OCC") that Plaintiff could not handle her finances. (*Id.* at 3). As a result, the OCC denied goods and services to Plaintiff, and she suffered mental anguish. (*Id.*). Plaintiff was also forced to have a "wellness check." (*Id.*). Plaintiff requests that the Court grant her a settlement conference, and she seeks $80,000 in damages. (*Id.* at 3, 5). Plaintiff indicates that she previously filed a lawsuit involving the same facts against Defendant and specifies that the instant action is a slander case, not a disability or discrimination case. (*Id.* at 2, 4).

In Plaintiff's previous action in this Court, her allegations were construed as a disability discrimination claim under the Americans with Disabilities Act (the "ADA") and improper debt collection phone calls under the Fair Debt Collection Practices Act (the "FDCPA"). *Harkins v. Citizens Nat'l Bank*, 577 F. Supp. 3d 200, 203 (W.D.N.Y. 2022). The Court granted Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *Id.* at 203-04. Plaintiff was granted leave to amend the complaint as to her ADA claim, as well as any intended claim for slander, but the FDCPA claim was dismissed with prejudice because the deficiencies in the claim could not be cured with additional pleading. *Id.* at 205. Plaintiff filed an amended complaint, and her claims

were construed as a disability discrimination claim and a slander claim. *Harkins v. Citizens Bank*, 626 F. Supp. 3d 599, 602-04 (W.D.N.Y. 2022), *appeal dismissed*, 22-2071, 2023 WL 4844507 (2d Cir. Feb. 16, 2023), *cert. denied*, 23-5220, 144 S. Ct. 232 (Oct. 2, 2023). The Court dismissed the disability discrimination claim with prejudice and declined to exercise supplemental jurisdiction over Plaintiff's slander claim, a state law cause of action. *Id.* at 603-04.

## DISCUSSION

Defendant has moved to dismiss the complaint with prejudice and without leave to amend because it only raises state law claims, for insufficient service of process, and for failure to state a claim upon which relief can be granted. (Dkt. 6-2 at 5). In response to the motion to dismiss, Plaintiff moved for leave to amend the complaint, including to add an additional cause of action. (*See* Dkt. 8 at 3).[3] Plaintiff later appeared to withdraw her

---

[3] Plaintiff failed to comply with the Local Rules of Civil Procedure for the Western District of New York (the "Local Rules") with respect to her motion for leave to amend. Local Rule 15(a) provides:

> A movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. <u>The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.</u>

L. R. Civ. P. 15(a) (emphasis added). Instead of filing a complete proposed amended pleading, Plaintiff submitted only proposed additional allegations and exhibits.

As to the merits of Plaintiff's proposed amended complaint, Plaintiff sought to add a cause of action under the Gramm-Leach-Blilely Act (the "GLBA") for violating Plaintiff's privacy. (Dkt. 8 at 3-5). The Court construes this claim as referencing 18 U.S.C. §§ 6801 *et seq*. "It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect

amended complaint.  (*See* Dkt. 13).  Plaintiff also opposes the motion to dismiss.  (Dkt. 10; *see also* Dkt. 11; Dkt. 13).

I. **Subject Matter Jurisdiction**

    A. **Legal Standard**

"Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits."  *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (quotation and alteration omitted).  "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it . . . ."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

As federal courts are courts of limited jurisdiction, they may not decide cases where subject matter jurisdiction is lacking.  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d

---

the security and confidentiality of those customers' nonpublic personal information."  *Id.* § 6801(a).  Importantly, numerous courts have found there is no private right of action under the GLBA.  *See, e.g.*, *Rider v. Uphold HQ Inc.*, 657 F. Supp. 3d 491, 503 (S.D.N.Y. 2023); *Shostack v. Diller*, No. 15 Civ. 2255 (GBD) (JLC), 2016 WL 958687, at *4 (S.D.N.Y. Mar. 8, 2016); *Barroga-Hayes v. Susan D. Settenbrino*, *P.C.*, No. 10 CV 5298, 2012 WL 1118194, at *5 (E.D.N.Y. Mar. 30, 2012) (collecting cases); *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (collecting cases).  Thus, even if Plaintiff had not withdrawn the motion to amend, and even if the motion had been procedurally compliant, the motion to amend would have been denied as futile.

697, 700 (2d Cir. 2000). "Federal Court jurisdiction exists only if the Complaint presents a 'federal question,' 28 U.S.C. § 1331, or if there is complete 'diversity of citizenship' and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332." *Tao v. Elite Cold Storage, LLC*, No. 23-CV-6599 (KMK), 2023 WL 7738490, at *1 (S.D.N.Y. Nov. 15, 2023).

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). "Diversity jurisdiction exists only 'when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants.'" *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021) (quoting *Lawrence v. HHC TRS FP Portfolio*, LLC, No. 20-cv-4843, 2020 WL 6273946, at *1 (E.D.N.Y. Oct. 26, 2020)). "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quotations and citation omitted). "'[C]itizens of different States' means that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (quoting 28 U.S.C. § 1332(a)(1)); *see also Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995) ("It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity'—that is, that it does not share citizenship with any defendant." (quoting *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)).

Listing a party's address is insufficient for alleging a party's citizenship. *See Rosario v. Burnsed Trucking Inc.*, 21 Civ. 7347 (JHR), 2023 WL 3010346, at *1 (S.D.N.Y. Mar. 27, 2023) (plaintiff's assertion of their residence in New York was not sufficient for establishing residency); *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 188 (E.D.N.Y. 2022) (conclusory allegation of a person or entity's citizenship, name, or address are insufficient for establishing party's citizenship).

B.     **Lack of Subject Matter Jurisdiction**

Plaintiff asserts in her complaint that she is bringing a slander claim. (Dkt. 1 at 1-2). Plaintiff alleges that Defendant "told" Lifespan that she was intellectually disabled and could not handle her finances and that Defendant acknowledged "telling" the OCC that Plaintiff could not handle her finances. (*See* Dkt. 1 at 3-4). But any slander claim is grounded in state law and, thus, the Court can only exercise jurisdiction in this action based on diversity jurisdiction.

Plaintiff is claiming $80,000 in damages, so the amount in controversy requirement is satisfied. (*See* Dkt. 1 at 5). However, Plaintiff has not offered any information as to her citizenship or Defendant's citizenship, which is a necessary requirement for establishing diversity jurisdiction. Plaintiff therefore has not met her burden of showing that complete diversity is present. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998) ("[T]he complaint fails to demonstrate that this action is between citizens of different states because it does not identify [plaintiff's] citizenship. . . . Consequently, based on the pleadings we cannot find that this is an action between citizens of different states, and jurisdiction under 28 U.S.C. § 1332 is therefore unavailable."); *Golub v. Berdon*

*LLP*, No. 19-cv-10309 (JGK), 2021 WL 637974, at *5 (S.D.N.Y. Feb. 17, 2021) (dismissing state law claims where "[t]he complaint is silent on the citizenship of [defendant's] members and the Court has no basis to conclude that they are all citizens of New York" and "it is not clear that the Court has diversity jurisdiction over the state law claims"). Accordingly, Plaintiff's complaint must be dismissed without prejudice for lack of subject matter jurisdiction. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (dismissal for lack of subject matter jurisdiction is without prejudice).

II.     **Process and Service of Process**

Defendant argues that this action should be dismissed for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. (Dkt. 6-2 at 7-10). Because dismissal is appropriate pursuant to Rule 12(b)(5), and indeed Plaintiff acknowledges that she did not serve Defendant correctly (Dkt. 8 at 1-2), the Court does not reach Defendant's arguments concerning Rule 12(b)(4).

A.     **Legal Standard**

"[A] Rule 12(b)(4) motion is a challenge to the form of the process rather than the manner or method of its service, whereas a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Coon v. Shea*, No. 2:14-cv-85, 2014 WL 5847720, at *4 (D. Vt. Sept. 5, 2014) (quotation omitted), *adopted in relevant part*, 2014 WL 5849053 (D. Vt. Nov. 12, 2014). "Objections pursuant to Rule 12(b)(2) concern lack of personal jurisdiction, which results when a summons and complaint have not been served on the defendant pursuant to Rule 12(b)(5)." *Jackson v. City of N.Y.*, No. 14-CV-5755 (GBD) (KNF), 2015 WL 4470004, at *4 (S.D.N.Y. June 26,

2015) (quotation omitted); *Fantozzi v. City of N.Y.*, 343 F.R.D. 19, 25 (S.D.N.Y. 2022) ("While Rules 12(b)(5) and 12(b)(2) are independent bases upon which dismissal may be granted, when service of process is at issue, they are closely interrelated." (internal quotation and citation omitted)); *see also* C. Wright & A. Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.) ("Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him[.]").

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Jackson*, 2015 WL 4470004, at *4 (quoting Wright & Miller, 5B Fed. Prac. & Proc. § 1353); *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) ("A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process. In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons.") (citations omitted)). The plaintiff bears the burden of demonstrating that service was effective on a Rule 12(b)(5) motion to dismiss. *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) (quotation omitted), *aff'd*, 626 F. App'x 297 (2d Cir. 2015); *Sunset Homeowners Ass'n, Inc. v. DiFrancesco*, No. 1:19-CV-00016 EAW, 2019 WL 1597497, at *6 (W.D.N.Y. Apr. 15, 2019) ("When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." (internal quotation omitted)). A court may consider matters outside the pleadings to assess the sufficiency of service on a Rule 12(b)(5) motion. *See Wilson v.*

*Cuomo*, No. CV 21-4815 (GRB)(AYS), 2022 WL 4644695, at *3 (E.D.N.Y. Aug. 28, 2022) (citation omitted), *adopted*, 2022 WL 4662825 (E.D.N.Y. Sept. 30, 2022).

      **B.**      **Dismissal Warranted under Rule 12(b)(5)**

Defendant contends that service of process was insufficient because the summons and complaint were sent to Defendant's attorney by mail. (Dkt. 6-2 at 8-10).

Pursuant to Fed. R. Civ. P. 4(e), Plaintiff could effectuate service by any of the following means:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). A corporation can be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). Under New York law, service upon a corporation requires delivery of the summons "to an officer, director, managing or general agent, or cashier or assistant cashier

or to any other agent authorized by appointment or by law to receive service." CPLR 311(a)(1). Service is also permitted by personally serving a registered agent or the secretary of state. N.Y. Bus. Corp. Law §§ 306, 307.

Here, serving Defendant's attorney via mail is plainly improper. In his declaration, Defendant's attorney states that he did not hold any of the positions identified in Rule 4(h)(B) or New York law as acceptable for service of process. (*See* Dkt. 6-3 at ¶¶ 5-6). Plaintiff acknowledges that she did not serve Defendant properly, and the fact that she was unable to find an attorney and her *pro se* status do not excuse her responsibility to do so. *See, e.g., Moss v. Vt. Assocs. for Training & Dev.*, No. 21-CV-6063-FPG, 2021 WL 5921469, at *2 (W.D.N.Y. Dec. 15, 2021) (plaintiff's *pro se* status does not relieve him of his burden to timely and properly serve defendant and finding service of defendant's attorney improper). Under Rule 4(m), a court "must dismiss the action without prejudice" or "order that service be made within a specified time" if "a defendant is not served within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). When a plaintiff has not effectuated service pursuant to Rule 4(m) and has not shown good cause for the failure, the court has the discretion to grant an extension of time to serve the defendant. *Hahn v. Office & Pro. Emps. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citing *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007)). The Court declines to exercise its discretion to allow Plaintiff additional time to properly serve Defendant because doing so would be futile, as discussed further below. *See id.* (declining to allow extension of time for service based on futility). Accordingly, the Court cannot exercise personal jurisdiction over Defendant, and dismissal is warranted on this basis.

**III.    Leave to Amend**

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (*pro se* plaintiffs, whether proceeding *in forma pauperis* or those who have paid the filing fee, should be permitted to at least once amend their complaint when it "gives any indication that a valid claim might be stated"). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

Even if Plaintiff could meet her burden to establish that the Court has diversity jurisdiction and effectuate proper service, Plaintiff has had multiple opportunities before this Court to assert this claim and has failed to rectify the defects in her pleadings. The Court may deny a motion for leave to amend as futile where the proposed amended claims are time-barred. *See 421-A Tenants Ass'n, Inc. v. 125 Court St. LLC*, 760 F. App'x 44, 51 (2d Cir. 2019) (affirming denial of motion for leave to amend where proposed amendments did not change the fact that claims were barred by the statute of limitations); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 397 (E.D.N.Y. 1998) ("A motion to amend the complaint may be considered futile if the claims sought to be added are barred by the relevant statute of limitations."); *see also Burton v. Wells Fargo Bank, N.A.*, No. 23-CV-

05520, 2024 WL 3173898, at *2 (E.D.N.Y. June 26, 2024) (denying leave to amend as futile when dismissing claims for lack of subject matter jurisdiction and insufficient service of process and because the claims were time-barred, among other reasons); *Smith v. United States*, No. 1:12-CV-00846 (LEK/RFT), 2014 WL 1312137, at *4 (N.D.N.Y. Mar. 31, 2014) (citing *Foman v. Davis*, 371 U.S. 182 (1962)), *amending and superseding*, 2012 WL 6597835 (N.D.N.Y. Dec. 18, 2012), *aff'd on relevant grounds*, 554 F. App'x 30, 32 (2d Cir. 2013). Plaintiff stated in her complaint that her slander claim is based on the same facts that she alleged in her prior action in this Court involving Defendant. (*See* Dkt. 1 at 2, 4). The statute of limitations for a slander claim "begins to accrue on 'the date of the publication or utterance of the allegedly slanderous statement[.]'" *See Uddoh v. United Healthcare*, No. 16-cv-1002 (BMC) (LB), 2017 WL 563973, at *4 (E.D.N.Y. Feb. 10, 2017) (quoting *Cullin v. Lynch*, 979 N.Y.S.2d 92, 93-94 (2d Dep't 2014)); *see also* N.Y. CPLR 215(3). Plaintiff has alleged that Defendant's slanderous statements occurred in 2018 and 2019, well outside the one-year statute of limitations. Accordingly, there would be no useful purpose—particularly given the history of Plaintiff's repeated efforts to sue Defendant—to allow Plaintiff an attempt to amend.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss (Dkt. 6) because it lacks subject matter jurisdiction and personal jurisdiction, and dismisses the complaint in its entirety without prejudice. The Clerk of Court is directed to enter judgment in favor of Defendant and to close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:	August 12, 2024
	Rochester, New York